UNITED STATES of America, Plaintiff,

v.

Darryl S. GRANBERRY, Defendant.

No. 89–28CR(1).

United States District Court,
E.D. Missouri, E.D.

April 25, 1989.

Timothy Wilson, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

David Freeman, Federal Public Defender, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

Defendant has been charged in a two count indictment with violating 18 U.S.C. Section 1341. Specifically, the indictment alleges that defendant concealed the fact that he was a convicted felon in his application for a Missouri school bus operator's permit; that Missouri law forbids the issuance of a school bus operator's permit to persons convicted of certain felonies; that defendant would have been denied the permit had he revealed his prior felony conviction; and that defendant used the United States Mail for the purpose of executing a scheme to obtain a school bus operator's permit by means of fraudulent representations.

Defendant filed the instant motion to dismiss the indictment alleging that because the underlying state statute prohibiting certain convicted felons from obtaining a bus operator's permit is unconstitutional, defendant's use of the United States Mail to evade the state statute does not constitute a violation of 18 U.S.C. Section 1341. Defendant further argues that the second count of the indictment is multiplicious, because the acts alleged in Counts I and II of the indictment were both committed in furtherance of a single scheme—to obtain a permit. Finally, defendant argues that Count II of the indictment fails to state an offense, because Count II deals with defen-

dant's acquisition of a temporary school bus operator's permit, and state law does not require disclosure of prior felony convictions in order to obtain a temporary permit.

The Honorable David D. Noce, United States Magistrate, issued a report and recommendation with regard to the instant motion. Magistrate Noce recommended that defendant's motion be denied. Defendant has filed objections to Magistrate Noce's report and recommendation. This Court need not address defendant's objections to Magistrate Noce's recommendations, however, because the Court finds herein that the indictment fails to allege a violation of 18 U.S.C. Section 1341 for reasons other than those set forth by defendant.

In *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), the United States Supreme Court narrowly defined the scope of 18 U.S.C. Section 1341. The Supreme Court concluded in *McNally* that Section 1341 only protects property rights. In *Carpenter v. United States*, 484 U.S. 19, 108 S.Ct. 316, 98 L.Ed.2d 275, the Court further elaborated that Section 1341 protects rights and property that are both tangible and intangible. *Id.*, 108 S.Ct. at 320. *McNally* cautions, however, that if a government is to benefit from the protection of Section 1341, it can only do so in its capacity as a property-holder. *McNally*, 483 U.S. at 358–59, n. 8, 107 S.Ct. at 2881 n. 8. Hence, from the foregoing it is clear that in order for the State of Missouri to benefit from Section 1341, it must hold some congnizable property interest in the school bus operator's permits of which it was deprived.

In *United States v. Murphy*, 836 F.2d 248 (6th Cir.1988), the Sixth Circuit held that the State of Tennessee was not deprived of "property", as defined by *McNally*, when an individual provided false information to secure the issuance of a bingo license. The *Murphy* court concluded that a bingo license may be "property" once it is issued, but an unissued license is not the property of the state, and an issued license would be the property of the licensee, not the state. Furthermore, the Sixth Circuit concluded that any right which Tennessee held in receiving accurate information with respect to bingo permits is an intangible right rather than a property interest under *McNally*.

Likewise in *United States v. Ferrara*, 701 F.Supp. 39 (E.D.N.Y.1988), *aff'd*, 868 F.2d 1268 (2nd Cir.1988), the district court held that a license to practice medicine is a property interest only of the licensed physician. *Id.* at 42. In reaching its decision the *Ferrara* court reasoned that a license can only be property within the meaning of Section 1341 if it is of value to the victims—the state licensing authority. The district court concluded that the licensing authority's only interest was in a regulatory scheme, and that such an interest does not fall within the realm of "property" under *McNally*. *Id.*

This Court finds the reasoning of the Sixth Circuit in *Murphy* and the Eastern District of New York in *Ferrara* persuasive. Furthermore, the principles set forth in these cases are clearly applicable to the case at bar. Whatever interest the State of Missouri was deprived of, it was not a property interest within the meaning of *McNally*. Therefore, the indictment does not allege a violation of 18 U.S.C. Section 1341. Accordingly, and for the foregoing reasons, defendant's motion to dismiss the indictment will be granted.